CALUMET COUNTRY CLUB, Plaintiff-Appellant, v. ROBERTS ENVIRONMENTAL CONTROL CORPORATION, Defendant-Appellee.

First District (2nd Division)   No. 85—195

Opinion filed September 10, 1985.

John J. McInerney, of Leahy & Eisenberg, Ltd., of Chicago, for appellant.

Epton, Mullin & Druth, Ltd., of Chicago (David H. McCarthy III, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from the dismissal with prejudice, on limitations grounds, of its amended complaint seeking recovery for property damage occasioned by the alleged failure of a piping connection sold and installed by defendant. Issues raised are whether: the circuit court erred by applying the two-year limitations period of section 13—214(a) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)); and section 13—214(a) is unconstitutional as special legislation.

In October 1980, plaintiff engaged defendant to design, install and sell a piping connection between the municipal water supply pipe and the water supply pipe of plaintiff's main clubhouse. The piping connection was installed during the period of October 30, October 31, and November 3, 1980. On June 21, 1981, the piping connection allegedly became separated and thousands of gallons of water flooded the basement and part of the first floor of the clubhouse, causing extensive property damage.

Plaintiff filed a one-count unverified complaint on September 29, 1983, alleging that plaintiff's damages of $414,367.92 were proximately caused by defendant's negligence in designing and installing the piping connection, and in failing to warn of the threat of flooding. On November 11, 1983, defendant moved to dismiss the complaint based on the two-year limitations period of section 13—214(a).

On April 13, 1984, plaintiff was granted leave to file an amended complaint on the same date. The amended unverified complaint con-

sisted of two counts: count I, sounding in negligence, essentially tracked the original complaint; count II alleged, in the alternative, that the piping connection sold, distributed, designed, and installed by defendant was unreasonably dangerous for its intended use, in that its mechanical joint was not anchored or restrained, the connection was improperly designed, and no adequate warning was given as to the existence of any defective condition. Each count sought damages in the amount of $414,367.92.

The court entered an order on May 25, 1984, dismissing the action with prejudice as being barred by the limitations provisions of section 13—214. After plaintiff's motion for rehearing was denied, plaintiff brought this appeal.

I

Plaintiff contends that the circuit court erred by dismissing its action based upon the two-year limitations period of section 13—214(a). As to the count I, sounding in negligence, plaintiff urges that the five-year period of section 13—205 of the Code, the catchall statute of limitations for property damage and "all civil actions not otherwise provided for," should instead have been applied. Ill. Rev. Stat. 1983, ch. 110, par. 13—205.

Section 13—214(a) provides that (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)):

"Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity [sic], knew or should reasonably have known of such act or omission."

As a specific statutory provision, section 13—214(a), if applicable, takes precedence over the general limitations period of section 13—205. (See *Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 205, 120 N.E.2d 15, *cert. denied* (1954), 348 U.S. 857, 99 L. Ed. 675, 75 S. Ct. 81; *Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847.) Here, the issue centers on the interpretation accorded the term "improvement to real property," as it is used in section 13—214(a); if the piping connection is deemed an "improvement," the court properly applied this section.

Statutory interpretation, the process by which the intent of the legislature is ascertained and given effect, primarily looks to the statute's actual words (*C.S. Johnson Co. v. Champaign National Bank*

(1984), 126 Ill. App. 3d 508, 510, 467 N.E.2d 363), which are given their commonly accepted meanings, unless otherwise defined by the legislature (*Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 201). An "improvement" is an addition to real property amounting to more than a mere repair or replacement, and which substantially enhances the value of the property. (*Lee v. Board of Education* (1924), 234 Ill. App. 141, 148-49; 42 C.J.S. *Improvements* sec. 1 (1944); Black's Law Dictionary 682 (5th ed. 1979).) Improvements include buildings and substantial additions or changes to existing buildings. (*Lee v. Board of Education* (1924), 234 Ill. App. 141, 149.) While the construction of a water main is considered an improvement (*e.g.*, Ill. Rev. Stat. 1983, ch. 24, par. 9—3—2; *Allen v. Jackson County Savings & Loan Association* (1938), 232 Mo. App. 1098, 1100, 115 S.W.2d 7, 9), no authority has been cited or found which characterizes as an improvement a piping connection between a municipal water main and a building's water system.

■ The record here provides an insufficient basis for determining whether the instant piping connection constitutes an improvement. Certainly its addition may be reasonably assumed to have enhanced the value of plaintiff's property. Although the fact that the installation here required three days suggests that considerable work was involved, there is no indication whether the piping connection was a substantial new addition to the building, or merely in the nature of a repair or replacement. If it were the latter, it would not be an improvement. The burden of establishing a statute of limitations defense is on the party asserting it. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 230, 180 N.E.2d 512.) We do not find, on the present record, that defendant established the piping connection to be an improvement whereby plaintiff's negligence action should have been precluded by section 13—214(a). The court therefore erred by dismissing count I. If, on remand, the piping connection is properly established to be an improvement, dismissal would be proper at that time.

■ As to count II, plaintiff urges that section 13—213, applicable to product liability actions, should have been applied rather than section 13—214(a). If section 13—213 had been applied, however, it also would have barred plaintiff's product liability claim. Section 13—213(b) provides that a product liability action must be brought within 12 years from the date of first sale, lease or delivery by a seller, or 10 years from the date of first sale, lease or delivery to its initial user, consumer, or other nonseller, whichever period expires earlier. (Ill. Rev. Stat. 1983, ch. 110, par. 13—213(b).) If the injury complained of occurs within the foregoing permissible period, section 13—213(d) provides:

"[T]he plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." (Ill. Rev. Stat. 1983, ch. 110, par. 13—213(d).)

Plaintiff characterizing the two-year limit as a "tacking" provision, argues that this section effectively afforded it eight years to bring the instant action. We disagree.

Section 13—213(d) clearly sets forth a two-year limitations period based upon a plaintiff's discovery of his cause of action, provided only that such action be brought within eight years of the occurrence giving rise to the damage. Thus, if plaintiff here had not become aware of the water piping failure and its attendant damage on the date it occurred, plaintiff's argument might have merit. Here, however, the amended complaint alleged that on June 21, 1981, the piping connection "became separated and thousands of gallons of water flood[ed] the basement and part of the first floor of the plaintiff's main clubhouse." As plaintiff must have known of the property damage on the date it occurred, it thereafter had two years to bring a product liability action to recover for such damage. Plaintiff's failure to bring such action within the prescribed time rendered proper the circuit court's dismissal of count II, whether under section 13—214(a) or section 13—213(d).

## II

■ Plaintiff challenges section 13—214(a) as a grant of privilege by special legislation in violation of the Illinois and United States Constitutions. Article IV, section 13, of the Illinois Constitution provides in relevant part that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable." (Ill. Const. 1970, art. IV, sec. 13.) Plaintiff contends that section 13—214(a), by establishing a two-year statute of limitations for injuries occasioned by the acts of those engaged in construction activities, rather than the general five-year limitations period, contravenes this provision, as well as the equal protection clause of the United States Constitution.

In passing on challenges based on the foregoing constitutional provisions, the supreme court has upheld legislation where: (1) there is a reasonable basis for differentiating between class members and non-class members; and (2) the classification bears a reasonable rela-

tionship to the purposes of the act and the evil it seeks to remedy. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 315, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 55.) In *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 225, 456 N.E.2d 353, section 13—214(a) was held to be valid in light of article IV, section 13, and the equal protection clause. (See also *C.S. Johnson Co. v. Champaign National Bank* (1984), 126 Ill. App. 3d 508, 510-11, 467 N.E.2d 363.) Plaintiff, urging a reconsideration of this issue in light of the legislative history of section 13—214, includes in the record on appeal a transcript of the hearing of April 10, 1979, before the judiciary committee of the House of Representatives, wherein section 13—214 was described as an effort to circumscribe the potentially unlimited tort liability of those who design and construct buildings. Plaintiff argues that, although the statute of repose embodied in section 13—214(b) is reasonably related to this purpose, the two-year "discovery" period of section 13—214(a) is not.

We must reject plaintiff's contentions. Both the two-year "discovery" period, as well as the 12-year statute of repose, appear reasonably related to the statute's stated purpose. Plaintiff's bald assertion that the two-year period is unreasonable does not suffice to overcome the presumption of the provision's validity. See *Scott v. Department of Commerce and Community Affairs* (1981), 84 Ill. 2d 42, 50, 416 N.E.2d 1082.

Furthermore, plaintiff's reliance on *Skinner v. Anderson* (1967), 38 Ill. 2d 455, 231 N.E.2d 588, is misplaced. There, the supreme court held invalid as special legislation a four-year statute of repose which, in certain instances, would have effectively barred actions against architects and contractors before the aggrieved party would even have become aware of a right of action. Section 13—214(a) does not suffer from a similar infirmity, as the "discovery" provision embodied therein expressly affords litigants two years to commence an action, measured from the date that they become aware or should have become aware of their right to sue.

For the foregoing reasons, we affirm that part of the circuit court's judgment dismissing count II of the amended complaint, but reverse and remand for further proceedings that part of the judgment dismissing count I.

Affirmed in part; reversed and remanded in part.

STAMOS, P.J., and BILANDIC, J., concur.