RITA J. McLEISH *et al.*, Plaintiffs-Appellants, v. SONY CORPORATION OF AMERICA, Defendant-Appellee.

First District (4th Division)   No. 85—3472

Opinion filed February 11, 1987.

Brenner, Mavrias, Dorn & Alm, of Chicago (Bruce Farrel Dorn and Judith A. Matthews, of counsel), for appellants.

Ruff, Weidenaar & Reidy, Ltd., of Chicago (James A. Davids, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiffs Rita and William McLeish bring this appeal seeking reversal of a trial court's order dismissing count II of their three-count complaint. In count II, the McLeishes seek recovery from defendant Sony Corporation of America (Sony) based on a products liability theory. The McLeishes allege that a television manufactured by Sony exploded, resulting in a fire which caused serious damage to their home. The trial court dismissed count II after finding that the McLeishes' action against Sony was barred by the applicable statute of limitations, Ill. Rev. Stat. 1983, ch. 110, par. 13—213(d).

The McLeishes now appeal, asserting that the trial court erred in dismissing their products liability action against Sony.

We affirm.

BACKGROUND

This appeal is before us following the trial court's ruling that count II of the McLeishes' complaint fails to state a cause of action under Illinois law. Accordingly, we must accept as true all of the well-pleaded

allegations contained in count II of the McLeishes' complaint and must draw all reasonable inferences in their favor. *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.

Count II of the McLeishes' complaint reveals that the McLeishes' home was severely damaged by a fire which occurred on February 16, 1983. The fire was allegedly caused by the explosion of a Sony television set.

On April 16, 1985, the McLeishes filed a three count complaint against, *inter alia*, Sony. Count II sought recovery from Sony for the damage caused to the McLeishes' home based on a strict products liability theory.

Pursuant to Sony's motion, the trial court dismissed count II, ruling that because the McLeishes had failed to commence their lawsuit within two years of when they became aware of the damage, their action in strict liability was barred by section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—213(d)).

The McLeishes now bring this appeal.

OPINION

The outcome of this appeal depends entirely on the construction of a single statutory phrase applicable to lawsuits sounding in strict products liability:

> "[T]he plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." Ill. Rev. Stat. 1983, ch. 110, par. 13—213(d).

The McLeishes assert that the use of the term "may" indicates the legislature's intent that "it is not compulsory to file a property damage lawsuit 2 years from the occurrence." Instead, it is the McLeishes' position that the two-year limitation included in section 13—213(d) is in fact permissive and that it is the eight-year limitation which is compulsory.

In *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613, the court discussed this precise issue. In *Calumet*, the plaintiff hired the defendant to install some piping. On June 21, 1981, the piping allegedly became separated causing thousands of dollars in water damage. Subsequently, on September 29, 1983, the plaintiff filed suit against the defendant alleging, *inter alia*, that it was the defendant's product which caused the plain-

tiff's property damage.

The trial court dismissed the action, and the *Calumet* court affirmed. (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 614, 483 N.E.2d 613.) The court held that the two-year limitation set forth in section 13—213(d) was mandatory where the plaintiff knows, or should have known, that a defective product has caused personal injury or property damage. Specifically, the *Calumet* court ruled that the "[s]ection 13—213(d) clearly sets forth a two-year limitations period based upon a plaintiff's discovery of his cause of action." (136 Ill. App. 3d 610, 614, 483 N.E.2d 613.) Accordingly, because the plaintiffs had failed to bring their lawsuit within two years of when they learned of the damage allegedly caused by the defendant's product, the plaintiffs' action was barred by section 13—213(d).

Likewise, in the case at bar, the fire causing the property damage to the McLeishes' home occurred on February 16, 1983. It is obvious that the McLeishes knew that the damage occurred. Thus the McLeishes had two years from February 16, 1983, to bring their products liability action against Sony. The McLeishes failed to do so, and, like the plaintiff in *Calumet*, their action against Sony is barred by section 13—213(d).

We believe the position taken by the *Calumet* court is correct. A reading of the statute reveals that a plaintiff who knows, or should know, that a product has caused property damage must bring his action in products liability within two years of when he becomes aware of that damage. The eight-year limitation is meant as an absolute cut-off point beyond which no action can be brought regardless of whether the plaintiff knows of the damage or not. Thus, the two-year period is triggered when the plaintiffs learn (or should have learned) of the damage caused, whereas the eight-year period begins with the damage-causing occurrence itself. (Accord, *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613.) If we adopted the McLeishes' view, we would be ignoring the two-year limitation expressly set forth in section 13—213(d). This we choose not to do.

Accordingly, for the reasons set forth above, we affirm the decision of the circuit court of Cook County dismissing count II of the McLeishes' complaint.

Affirmed.

McMORROW, P.J., and JOHNSON, J., concur.