AMERICAN FAMILY INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. VILLAGE PONTIAC-GMC, INC., *et al.*, Defendants-Appellees.

Second District    No. 2—88—0760

Opinion filed May 5, 1989.

Roger A. Bixby, William G. Potratz, and Nancy Murray, all of Bixby, Lechner, Yamaguchi & Potratz, of Chicago, for appellants.

Hugh C. Griffin, L. Anthony Lehr, and John T. Williams, all of Lord, Bissell & Brook, of Chicago, for appellee General Motors Corporation.

Sarah Hansen Sotos, Jay S. Judge, and Edwin Cummings, all of Judge & Knight, Ltd., of Park Ridge, for appellee Village Pontiac-GMC, Inc.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, American Family Insurance Company (American), Farmers Insurance Company (Farmers), and William and Nancy Gill, appeal from a judgment of the circuit court of Du Page County dismissing the strict product liability counts from their complaint against defendants, Village Pontiac-GMC, Inc., and General Motors Corporation. On appeal, plaintiffs contend that the trial court improperly dismissed the counts as being filed outside the applicable statute of limitations. For the reasons set forth below, we reverse and remand for further proceedings.

On November 9, 1981, a fire began in an automobile owned by the Gills. This fire damaged the Gills' home and personal property, and the claim was for property damage only. The insurance companies paid the Gills pursuant to their insurance policy.

American and Farmers originally filed suit against defendants on October 31, 1986, and the Gills filed suit on November 7, 1986. These cases were later dismissed for want of prosecution. The insurance companies refiled the complaint within one year and amended it to in-

clude the Gills as coplaintiffs. This complaint included two counts based on strict product liability, as well as counts based on breach of warranty and negligence. Defendants moved to dismiss the strict product liability counts from the complaint, arguing that they were time barred by section 13—213 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 13—213). Specifically, defendants argued that section 13—213(d) of the Code required all strict product liability actions to be brought within two years of the time plaintiff becomes aware of the injury or damages, and because plaintiffs did not file within two years, the suit was not timely. The trial court agreed with defendants and dismissed the product liability counts. This appeal ensued.

The fundamental issue in the present case is whether section 13—213(d) of the Code bars plaintiffs from suing defendants on a strict product liability theory. Section 13—213 provides in pertinent part:

"(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced *except within the applicable limitations period* and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier ***.

* * *

(d) Notwithstanding the provisions of subsection (b) *** if the injury complained of occurs within any of the periods provided by subsection (b) ***, the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 13—213.

■■ When construing a statute, our primary purpose is to effectuate the legislature's intent. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341.) To determine the legislature's intent, we should turn first to the language of the statute itself. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151.) If the language of the statute is clear, we will give that language effect as it is written and not resort to outside sources to construe its meaning. *Graham, Anderson, Probst & White, Inc.*, 109 Ill. 2d at 151.

Defendants ask us to apply the reasoning used by the Appellate Court for the First District in *McLeish v. Sony Corp. of America* (1987), 152 Ill. App. 3d 628, and *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, in deciding this case. *Calumet Country Club* and *McLeish* conclude that section 13—213(d) places a two-year statute of limitations on bringing a strict product liability suit after plaintiff knew of his injury or damage. (*McLeish*, 152 Ill. App. 3d at 630; *Calumet Country Club*, 136 Ill. App. 3d at 614.) However, despite explicit references to section 13—213(b) of the Code in section 13—213(d), the *McLeish* and *Calumet Country Club* courts held that the two-year limitation period applied to property damage claims, as well as personal injury claims; it did not analyze the interaction of the two clauses. After construing the statute as a whole, we respectfully decline to follow the *McLeish* and *Calumet Country Club* holdings.

■ Section 13—213(b) sets up a two-part test for determining if a strict product liability suit has been timely filed. The suit must be filed within the time periods of the statute of repose (12 years from first delivery by a seller or 10 years from the date of first sale to initial consumer) and the "applicable limitations period." (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(b).) Nowhere in section 13—213 is the phrase "applicable limitations period" defined. However, it cannot mean the period set out in section 13—213(d), because section 13—213(b) is subject to the exception set out in 13—213(d). Therefore, the phrase "applicable limitations period" must be construed to mean the two-year period for personal injuries (Ill. Rev. Stat. 1987, ch. 110, par. 13—202) and the five-year period for property damage (Ill. Rev. Stat. 1987, ch. 110, par. 13—205). Section 13—205 was interpreted in *Edward Hines Lumber Co. v. Vulcan Materials Co.* (N.D. Ill. 1987), 669 F. Supp. 854, 857, as follows:

> "Thus, the adoption of par. 13—213 did nothing to alter the existing limitations periods for different types of injuries, so that a personal injury suit premised on strict product liability must be brought within two years, Ill. Rev. Stat. ch. 110, par. 13—202 (1985), and a similar suit for damage to real property must be filed within five years, Ill. Rev. Stat. ch. 110, par. 13—205 (1985)." 659 F. Supp. 857.

■ This interpretation is borne out by a close examination of the language of 13—213(d). The section begins with the phrase "Notwithstanding the provisions of subsection (b)." "Notwithstanding" means "in spite of." (Webster's Third New International Dictionary 1545 (1986).) Thus, section 13—213(d) provides an exception to the general

rule set out in section 13—213(b). This exception is that, even if a suit is not *commenced* within the applicable limitations period and the statute of repose, a suit *may* be brought if the injury occurred within the statute of repose, and the suit is filed within two years after plaintiff knew or should have known of the injury. The use of the word "may" in section 13—213(d) provides a clear indication that the section is providing an extra right to plaintiffs, not limiting their actions. Section 13—213(d) is only meant to apply to situations where the injury is not immediately discoverable. *Elliott v. Sears, Roebuck & Co.* (1988), 173 Ill. App. 3d 383, 395.

■ In the present case, the injury complained of was immediately discoverable. Thus, the exception set out in section 13—213(d) is not applicable to this case. As such, the trial court erred in dismissing the case as not being filed within the time period set out in section 13—213(d).

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

NASH and INGLIS, JJ., concur.