(No. 85857.—

SANDRA DAVIS, Appellee, v. TOSHIBA MACHINE COMPANY, AMERICA, Appellant.

*Opinion filed March 18, 1999.*

David M. Holmes, of Wilson, Elser, Moskowitz, Edelman & Dicker, of Chicago, for appellant.

Roger B. Gomien, Joan ·N. Harrop and Sheldon R. Sobol, of Gomien, Harrop & Sobol, of Morris, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Plaintiff, Sandra Davis, filed suit in the circuit court of Cook County to recover on a strict liability theory for an injury she sustained while operating a printing press designed, manufactured, and sold by defendant, Toshiba Machine Company, America. The trial court dismissed the action, holding that the statute of repose had expired. The plaintiff appealed, and the appellate court reversed. 297 Ill. App. 3d 440. We granted the defendant's petition for leave to appeal (166 Ill. 2d R. 315) and now affirm the appellate court.

## I. BACKGROUND

Defendant Toshiba entered into a contract in August 1985 with R.R. Donnelley & Sons, Inc., to design, manufacture, and sell a printing press to Donnelley. Toshiba delivered the printing press to Donnelley in July

1986 at the port of Los Angeles. On March 11, 1996, plaintiff, Sandra Davis, suffered severe and permanent injuries when her right hand was caught in the rollers of the printing press at Donnelley's Dwight, Illinois, facility, where she worked as an assistant press operator.

Plaintiff filed suit against defendant on February 24, 1997, 11 months after the accident, alleging strict liability. She contended that the press was defective and unreasonably dangerous because the machine did not include shields, guards, or other protective devices between the press rollers and its ink levelers.

Defendant moved to dismiss the complaint, arguing that section 13—213(b) of the Code of Civil Procedure (735 ILCS 5/13—213(b) (West 1996)) barred the action because more than 10 years had elapsed between the sale of the press to its initial user and the February 24, 1997, filing of the complaint. In response, plaintiff argued that section 13—213(d) (735 ILCS 5/13—213(d) (West 1996)) provided her with two years in which to bring suit, even though the repose period had expired in the meantime.

The trial court granted defendant's motion to dismiss the complaint. Plaintiff appealed, and the appellate court reversed and remanded. 297 Ill. App. 3d 440. The appellate panel held the plaintiff's action was timely because section 13—213(d) created an exception to the repose period, allowing plaintiff to bring suit within two years from the date she knew or should have known of her injury, as long as the injury itself occurred within the repose period. We granted defendant's petition for leave to appeal. 166 Ill. 2d R. 315. We now affirm the appellate court.

## II. ANALYSIS

The issue in this case, involving the interpretation of sections 13—213(b) and (d), is one of statutory construction. The standard of review is *de novo*.

Section 13—213(b) states in part:

"Subject to the provisions of subsections (c) and (d) no product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period." 735 ILCS 5/13—213(b) (West 1996).

Section 13—213(d) states in part:

"Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." 735 ILCS 5/13—213(d) (West 1996).

Plaintiff argues that section 13—213(d) permits her to bring suit within two years of the date of her injury, even if the repose period has expired in the meantime. Defendant contends that because plaintiff was injured within the repose period and knew of her injury four months before that period expired, she was required to bring suit within the repose period. Defendant asserts that section 13—213(d) applies only to latent injuries, or injuries that are not immediately discoverable, and does not save plaintiff's cause of action.

The primary rule of statutory construction is to give effect to legislative intent by first looking at the plain meaning of the language. "Where the language of a statute is clear and unambiguous, a court must give it effect as written, without 'reading into it exceptions, limita-

tions or conditions that the legislature did not express.' " *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996), quoting *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994). Courts will first look to the words of the statute, for the language used by the legislature is the best indication of legislative intent. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). When the language of a statute is clear, no resort is necessary to other tools of interpretation. *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 541 (1990).

Plaintiff was injured before the expiration of the 10-year repose period found in section 13—213(b) but did not bring suit until after the repose period expired. We believe that the plain language of section 13—213(d) means that plaintiff had two years in which to file the present action, even though the repose period expired in the meantime. Subsection (d) begins with the phrase, "Notwithstanding the provisions of subsection (b) ***, if the injury complained of occurs within any of the periods provided by subsection (b) ***, the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury ***." 735 ILCS 5/13—213(d) (West 1996). The word "notwithstanding" has been defined as meaning "in spite of." Webster's Third New International Dictionary 1545 (1986). Subsection (d) thus creates an exception to the 10-year repose period found in subsection (b) and allows a plaintiff to bring an action within two years from when she knew or should have known of her injury, even though the 10-year repose period has expired in the meantime. Here, plaintiff sustained an immediately discoverable injury between the eighth and tenth years of the repose period, and section 13—213(d) therefore provides her with a two-year period after the injury in which to bring an action.

There is no language in the statute that limits its application to latent injuries, as defendant contends. Accordingly, we must reject defendant's argument that section 13—213(d) cannot apply to immediately discoverable injuries like plaintiff's. Had the legislature intended to restrict the application of section 13—213(d) only to latent injuries, or ones that are not immediately discoverable, it would have inserted that limitation. Nothing in the plain language of the statute, however, indicates that it is unavailable in the circumstances alleged here.

Under the defendant's interpretation of section 13—213(d), a plaintiff incurring an immediately discoverable injury on the last day of the repose period would be required to file suit that day to bring a timely action, but a plaintiff incurring a latent injury would have the additional time provided in section 13—213(d). We find nothing in the language of the statute to suggest that the legislature intended the results in those cases to be different, and to withhold from a plaintiff who has suffered an immediately discoverable injury the benefit of the exception provided in section 13—213(d).

In support of its position, defendant cites *American Family Insurance Co. v. Village Pontiac-GMC, Inc.*, 182 Ill. App. 3d 385 (1989), and *Elliot v. Sears, Roebuck & Co.*, 173 Ill. App. 3d 383 (1988). Both decisions held that section 13—213(d) applies only to latent injuries. We disagree with *Elliot* and *American Family* in their construction of section 13—213(d) as being inapplicable to immediately discoverable injuries. As the appellate court below concluded, the plain language of section 13—213(d) provides that the plaintiff may bring her action within two years of the date of her injury, even though the 10-year repose period found in section 13—213(b) has expired in the meantime. 297 Ill. App. 3d at 444. As we have stated, nothing in section 13—213(d) precludes its application to injuries that are immediately discoverable.

Defendant also relies on *Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995), and *Williams v. Brown Manufacturing Co.*, 45 Ill. 2d 418 (1970), in support of its contention that section 13—213(d) applies only to latent injuries. The defendant misconstrues our holdings in those cases. In both cases, this court held that the time period for bringing an action to recover damages for an immediately discoverable injury begins when the injury occurs. *Golla*, 167 Ill. 2d at 361-62; *Williams*, 45 Ill. 2d at 432. Our holding today is consistent with those decisions.

Finally, defendant cites *Taylor v. Raymond Corp.*, 909 F.2d 225 (7th Cir. 1990), in support of its contention that section 13—213(d) does not apply to immediately discoverable injuries. Contrary to the defendant's assertion, however, the Seventh Circuit, in affirming the district court in that case, did not reach the issue whether section 13—213(d) applies to immediately discoverable injuries. In *dicta*, the panel noted it was unanimous in affirming the lower court decision but said it would not resolve the split among the Illinois courts on the question whether section 13—213(d) applies to immediately discoverable injuries. *Taylor*, 909 F.2d at 227.

Moreover, we note that we cited with approval the district court's analysis in *Taylor* in *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373 (1996). The district court stated that the two-year extension provided by section 13—213(d) may apply to plaintiffs who suffer immediately discoverable injuries, as long as the injury occurs within the repose period. *Taylor v. Raymond Corp.*, 719 F. Supp. 738, 739 (N.D. Ill. 1989). "Section 13—213(d), however, says nothing about the immediate discoverability of an injury. *** Nowhere does subsection (d) indicate that a plaintiff who sustains his injury within the repose period, and discovers the injury when he sustains it, cannot rely on the two-year extension." *Taylor*, 719 F. Supp. at 740.

In the case at bar, plaintiff's injury occurred on March 11, 1996, within the 10-year repose period. Given section 13—213(d), plaintiff had until March 11, 1998, to file an action. She filed suit on February 24, 1997, and therefore the action was timely.

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the appellate court, which reversed the judgment of the circuit court of Cook County and remanded the cause for further proceedings.

*Judgment affirmed.*