782 N.E.2d 258 (2002)
202 Ill.2d 586
270 Ill.Dec. 64
ALLSTATE INSURANCE COMPANY, as Subrogee of Sam Lakhia, Appellant,
v.
MENARDS, INC., Appellee.
No. 93620.
Supreme Court of Illinois.
December 5, 2002.
*259 Mark S. Grotefeld, William Stewart Grotefeld and Brad M. Gordon, of Grotefeld & Denenberg, L.L.C., Chicago, for appellant.
Kurt E. Olsen, of Fitzgerald & Cross, Chicago, for appellee.
Justice KILBRIDE delivered the opinion of the court:
This case is before us on a question of Illinois law certified by the United States Court of Appeals for the Seventh Circuit. 145 Ill.2d R. 20. The certified question is:
"What is the applicable statute of limitations in Illinois for an action for damages to property based on the doctrine of strict liability in tort when that action is brought within the applicable statute of repose?"
For the reasons that follow, the answer to the certified question is five years.

I. BACKGROUND
We take the following facts from the Seventh Circuit's opinion in Allstate Insurance Co. v. Menards, Inc., 285 F.3d 630 (7th Cir.2002).
"Prior to December 18, 1994, Sam Lakhia or a member of his family purchased a torchiere halogen lamp in a Menards store in Hillsdale, Illinois. The lamp was placed in the family home in Bellwood, Illinois and situated along the south wall near the basement stairs for the purposes of providing ambient light. On December 18, there was a fire in the Lakhia home that resulted in a claim by Mr. Lakhia for $144,799.05 for property damage and related living expenses incurred as a result of the fire. Allstate, Lakhia's insurer and subrogee, paid the claim and then brought this action against Menards on March 10, 1999. The jurisdiction of the district court was based on the diverse citizenship of the parties. Menards filed a motion to dismiss on the ground that the action was barred by the applicable statute of limitations.
In a hearing before the district court, the parties disagreed with respect to the applicable statute of limitations period for a products liability action. In Allstate's view, the applicable statute of limitations was five years. It relied upon the decision of the Second District in American Family Insurance Co. v. Village Pontiac-GMC, Inc., 182 Ill. App.3d 385, 131 Ill.Dec. 484, 538 N.E.2d 859 (1989). Menards, on the other hand, submitted that the applicable statute of limitations was two years. It relied on the decisions of the First District in McLeish v. Sony Corp. of America, 152 Ill.App.3d 628, 105 Ill.Dec. 648, 504 N.E.2d 933 (1987) and Calumet Country Club v. Roberts Environmental Control Corp., 136 Ill.App.3d 610, 91 Ill.Dec. 267, 483 N.E.2d 613 (1985).
In discharging their responsibility to ascertain the content of state law in diversity cases, the sitting judges of the Northern District of Illinois have developed two conflicting approaches when confronted with no controlling decision of the Supreme Court of Illinois and with conflicting decisions of the Illinois *260 Appellate Court. Some judges have followed the standard practice for a district court sitting in diversity and have attempted to predict how the Supreme Court of Illinois would resolve the question. Others have deemed themselves bound by the prevailing rule of the state appellate district in which the suit would have been brought in state court, reasoning that this approach would prevent forum shopping. The district court in this case had followed the latter approach in earlier cases and decided that, in the absence of explicit guidance from this court, it would not alter its course. Accordingly, it followed the decisions of the First District and held that the applicable statute of limitations was two years and dismissed the action." Allstate, 285 F.3d at 631-33.
On appeal, the Seventh Circuit noted that statutes of limitations reflect important policy choices by the state and have severe consequences for the administration of justice within the state. Allstate, 285 F.3d at 639. In addition, the Seventh Circuit mentioned that this court is "far more familiar with the policy choices that have been made, and [has] far more direct responsibility for the administration of justice within the state than do the members of [the Seventh Circuit Court of Appeals]." Allstate, 285 F.3d at 639. The Seventh Circuit further acknowledged that the districts of our appellate court are in disagreement about the applicable statute of limitations for strict liability property damage actions and that this court has not had the opportunity to address the question squarely. Allstate, 285 F.3d at 639. Thus, the Seventh Circuit concluded that the intrusion of "unguided federal precedent" into the situation would only further destabilize this state's jurisprudence on the issue and make it more difficult for the members of the Illinois bar to counsel their clients accurately. Allstate, 285 F.3d at 639. According to the Seventh Circuit, the issue at hand is, moreover, likely to arise with significant frequency both in state and federal forums. Allstate, 285 F.3d at 639. As a result, the Seventh Circuit certified the question to this court pursuant to Supreme Court Rule 20 (145 Ill.2d R. 20). For these same reasons, we accepted the certified question on April 17, 2002.

II. ANALYSIS
The dispute between our appellate districts, acknowledged by the federal courts, arises from differing interpretations of section 13-213 of the Code of Civil Procedure (Code) (735 ILCS 5/13-213 (West 2000)). The relevant text of section 13-213 reads as follows:
" § 13-213. Product liability.
* * *
(b) Subject to the provisions of subsections (c) and (d) no product liability action based on any theory of doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.
* * *
(d) Notwithstanding the provisions of subsection (b) * * * if the injury complained of occurs within any of the periods provided by subsection (b) * * *, the plaintiff may bring an action within 2 years after the date on which the claimant *261 knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." 735 ILCS 5/13-213 (West 2000).
The other section of the Code at issue in this case is section 13-205. That section provides:
" § 13-205. Five year limitation. Except as provided in Section 2-725 of the `Uniform Commercial Code,' approved July 31, 1961, as amended, and Section 11-13 of `The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2000).
The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158 Ill.2d 76, 81, 196 Ill.Dec. 655, 630 N.E.2d 820 (1994). The statute's plain language is the best indicator of the legislature's intent. Lulay v. Lulay, 193 Ill.2d 455, 466, 250 Ill.Dec. 758, 739 N.E.2d 521 (2000). When statutory language is ambiguous, it is appropriate to resort to extrinsic aids of construction such as an examination of the legislative history. Kunkel v. Walton, 179 Ill.2d 519, 534, 228 Ill.Dec. 626, 689 N.E.2d 1047 (1997). When the language is clear, however, it will be given effect without resort to other aids for construction. Petersen v. Wallach, 198 Ill.2d 439, 445, 261 Ill.Dec. 728, 764 N.E.2d 19 (2002). The interpretation of a statute is a question of law, subject to de novo review. Yang v. City of Chicago, 195 Ill.2d 96, 103, 253 Ill.Dec. 418, 745 N.E.2d 541 (2001).
The districts of our appellate court have construed the language of section 13-213, reaching contrary conclusions. The First District has construed section 13-213 as providing a specific limitations period for products liability actions, with a statute of repose in subsection (b) and the statute of limitations in subsection (d), thereby trumping the limitations period for property damage specifically provided for in section 13-205. See Calumet Country Club v. Roberts Environmental Control Corp., 136 Ill.App.3d 610, 613-14, 91 Ill.Dec. 267, 483 N.E.2d 613 (1985). In particular, the First District has stated that a reading of section 13-213 "reveals that a plaintiff who knows, or should know, that a product has caused property damage must bring his action in products liability within two years of when he becomes aware of that damage." McLeish v. Sony Corp. of America, 152 Ill.App.3d 628, 630, 105 Ill.Dec. 648, 504 N.E.2d 933 (1987).
Conversely, the Second District reads section 13-213 as providing a statute of repose, with an exception to that statute of repose in subsection (d). American Family Insurance Co. v. Village Pontiac-GMC, Inc., 182 Ill.App.3d 385, 388-89, 131 Ill. Dec. 484, 538 N.E.2d 859 (1989). The Second District specifically rejected the First District's construction of section 13-213 and held that its own "interpretation is borne out by a close examination of the language" of subsection (d). American Family, 182 Ill.App.3d at 388, 131 Ill.Dec. 484, 538 N.E.2d 859. The American Family court reasoned that, because subsection *262 (d) begins with the phrase "`Notwithstanding the provisions of subsection (b),'" it is clear that subsection (d) is an exception to the general rule set out in subsection (b) and not the applicable limitations period for products liability actions. American Family, 182 Ill.App.3d at 388-89, 131 Ill. Dec. 484, 538 N.E.2d 859. According to the American Family court:
"This exception is that, even if a suit is not commenced within the applicable limitations period and the statute of repose, a suit may be brought if the injury occurred within the statute of repose, and the suit is filed within two years after plaintiff knew or should have known of the injury. The use of the word `may' in section 13-213(d) provides a clear indication that the section is providing an extra right to plaintiffs, not limiting their actions. Section 13-213(d) is only meant to apply to situations where the injury is not immediately discoverable. [Citation.]" (Emphases omitted.) American Family, 182 Ill. App.3d at 389, 131 Ill.Dec. 484, 538 N.E.2d 859.
Accordingly, the court concluded that section 13-213(d) did not replace the five-year statute of limitations for property damage actions set out in section 13-205. American Family, 182 Ill.App.3d at 388-89, 131 Ill.Dec. 484, 538 N.E.2d 859.
While this court has not directly addressed the issue presented by the case at hand, we have had occasion to determine the applicable statute of limitations regarding an action for personal injuries under section 13-213. In Golla v. General Motors Corp., 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894 (1995), we held that the "`applicable limitations period'" referred to in section 13-213, with respect to an action for personal injuries, is found in section 13-202 of the Code. Golla, 167 Ill.2d at 359, 212 Ill.Dec. 549, 657 N.E.2d 894. Section 13-202 "states that `[a]ctions for damages for an injury to the person * * * shall be commenced within 2 years next after the cause of action accrued.'" Golla v. General Motors Corp., 167 Ill.2d 353, 359, 212 Ill.Dec. 549, 657 N.E.2d 894 (1995), quoting Ill.Rev.Stat.1991, ch. 110, par. 13-202, now codified as 735 ILCS 5/13-202 (West 2000).
Our decision in Golla and the Second District's decision in American Family are each in accord with the plain language of section 13-213. In addition to the reasons expressed by the American Family court, if subsection (d) of section 13-213 were intended to be a statute of limitations, as Menards argues and the First District has held, then there would have been no need to mention both subsection (d) and "the applicable limitations period" in the first sentence of subsection (b) of section 13-213. Menards' reading of the Code would render the phrase "the applicable limitations period" in subsection (b) mere surplusage. See Advincula v. United Blood Services, 176 Ill.2d 1, 26, 223 Ill.Dec. 1, 678 N.E.2d 1009 (1996) (the presence of surplusage should not be presumed in statutory construction and each word, clause or sentence must, if possible, be given some reasonable meaning), quoting Hirschfield v. Barrett, 40 Ill.2d 224, 230, 239 N.E.2d 831 (1968). There is no rule of statutory construction that authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. Solich, 158 Ill.2d at 83, 196 Ill.Dec. 655, 630 N.E.2d 820. The plain language of section 13-213 refers to an applicable limitations period that is to be found outside of that sectionin section 13-202 for personal injury actions (see Golla, 167 Ill.2d at 359, 212 Ill.Dec. 549, 657 N.E.2d 894) and in section 13-205 for actions involving loss of property. See People v. Trainor, 196 Ill.2d 318, 332, 256 *263 Ill.Dec. 813, 752 N.E.2d 1055 (2001) (sections of a statute should be read in harmony with one another); see also LaPorte v. R.D. Werner Co., 561 F.Supp. 189, 190 n. 3 (N.D.Ill.1983) (section 13-213(b) confirms that strict liability claims are not governed by special limitations provisions). In addition to LaPorte, we cite with approval three other federal district courts that have addressed the same issue. See Allstate Insurance Co. v. K-Mart Corp., No. 99 C 8515, slip op. at 2-3, 2001 WL 300586 (N.D.Ill., March 23, 2001); Allstate Insurance Co. v. Westinghouse Electric Corp., 68 F.Supp.2d 983, 987 (N.D.Ill.1999); Edward Hines Lumber Co. v. Vulcan Materials Co., 669 F.Supp. 854, 857 (N.D.Ill. 1987). Based on substantially the same reasoning we employ today, those cases uniformly held that the limitations period for strict liability claims seeking recovery for property damage is five years.
To the contrary, Menards argues that, in Davis v. Toshiba Machine Co., America, 186 Ill.2d 181, 237 Ill.Dec. 769, 710 N.E.2d 399 (1999), we in some way disagreed with the American Family court's construction of subsection (d) of section 13-213 and "gave the clear impression that [s]ubsection (d) was a statute of limitations" and not an exception to the statute of repose. Menards is mistaken. In fact, we stated unequivocally in Davis that subsection (d) was "an exception to the * * * repose period found in subsection (b)." Davis, 186 Ill.2d at 185, 237 Ill.Dec. 769, 710 N.E.2d 399. Menards alternatively contends that subsection (d) of section 13-213 is a specific statute of limitations that trumps the general limitations period found in section 13-205. See Hernon v. E.W. Corrigan Construction Co., 149 Ill.2d 190, 195, 172 Ill.Dec. 200, 595 N.E.2d 561 (1992) ("`[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail'"), quoting Bowes v. City of Chicago, 3 Ill.2d 175, 205, 120 N.E.2d 15 (1954). Nevertheless, having found that subsection (d) is an exception to the statute of repose and not a statute of limitations at all, we need not address Menards' argument in this regard.
Lastly, Menards maintains that the legislative history supports its contention that subsection (d) of section 13-213 is a statute of limitations. Our decision in this case is, however, dictated by the plain language of section 13-213. Therefore, we cannot accept Menards' invitation to consider that section's legislative history. See Petersen, 198 Ill.2d at 446, 261 Ill.Dec. 728, 764 N.E.2d 19 (when statutory language is unambiguous, a court should not look beyond the language to the legislative history).

III. CONCLUSION
For the foregoing reasons, five years is the applicable statute of limitations in Illinois for an action for damages to property based on the doctrine of strict liability in tort when that action is brought within the applicable statute of repose.
Certified question answered.