In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-2139

ALLSTATE INSURANCE COMPANY, as
subrogee of Sam Lakhia,

*Plaintiff-Appellant*,

v.

MENARDS, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 1583—**Harry D. Leinenweber,** *Judge.*

ARGUED NOVEMBER 8, 2001—DECIDED FEBRUARY 5, 2003

Before BAUER, RIPPLE and WILLIAMS, *Circuit Judges.*

PER CURIAM. Familiarity with our previous decision in
this case is assumed. *See Allstate Ins. Co. v. Menards, Inc.*,
285 F.3d 630 (7th Cir. 2002). In that decision, we certified
to the Supreme Court of Illinois the following question:

> What is the applicable statute of limitations in Illinois
> for an action for damage to property based on the
> doctrine of strict liability in tort when that action is
> brought within the applicable statute of repose?

The Supreme Court of Illinois accepted our certification.
In its later opinion, that court determined that the applica-

ble statute of limitations is five years. *See Allstate Ins. Co. v. Menards, Inc.*, No. 93620, 2002 WL 31725416, at *5 (Ill. Dec. 5, 2002).

The district court had dismissed this action because it believed that the applicable statute of limitations was two years. Because the Supreme Court of Illinois has now determined that the applicable statute of limitations is five years, we must reverse the judgment of the district court and remand the case to that court for proceedings. Allstate may recover its costs in this court.

REVERSED and REMANDED

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*