*In re* MARRIAGE OF KATHARINE M. AIRD, f/k/a Katharine M. Miller, Petitioner-Appellee, and LYNN S. MILLER, Respondent-Appellant.

Fourth District   No. 4—88—0337

Opinion filed October 26, 1988.

Patrick J. O'Hara and Samuel S. Blane, both of Petersburg, for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Respondent Lynn S. Miller appeals from a judgment of the circuit court of Menard County entered May 5, 1988, which found respondent had unreasonably withheld his consent to and refused to pay his share of needed improvements on the parties' marital residence, in contravention of a previous judgment of dissolution of marriage entered in this matter. The judgment of May 5, 1988, then ordered respondent to make those payments. We affirm in part and reverse in part.

Petitioner Katharine M. Miller petitioned the court to dissolve the marriage between herself and respondent. The court entered an initial judgment for dissolution of their marriage on April 30, 1986. The judgment permitted petitioner to reside in the marital residence until the parties' youngest child reached the age of 18. It further ordered petitioner and respondent to each pay one-half of certain payments due concerning the property. Finally, and of most significance for purposes of this appeal, the judgment provided:

"That [*petitioner*] is to *maintain* the *normal and ordinary repairs* on said premises, and any *capital improvements* which are *not* normal required maintenance may be made with *each* of the parties *paying one-half* (1/2) of said improvement *after* the [respondent] has been *informed* of the *improvement and has consented* to the same." (Emphasis added.)

For reasons not of significance here, the court vacated its judgment of April 30, 1986, on June 2, 1986. Then, the court entered another judgment for dissolution on July 7, 1986, which judgment contained an identical provision as before with regard to the marital residence. The evidence at the hearing on petitioner's petition showed that, in the interim, petitioner conveyed her interest in the property to her father by quitclaim deed. The record further showed her father later deeded the property back to her.

Petitioner testified that, following entry of the judgment of dissolution, she and her father made several requests to respondent to obtain his consent to certain capital improvements she said were needed for the marital residence. She said she forwarded estimates of the costs for those improvements to respondent but failed to receive any response from him for some time. She further testified that ultimately respondent refused to consent to the repairs as requested, and she filed the instant petition.

After an evidentiary hearing, the court eventually entered an amended judgment on May 5, 1988, from which appeal is taken. The

judgment stated in part:

"[Petitioner] ha[d] proved that [Respondent] ha[d] unreasonably withheld his consent to needed improvements on the house where [Petitioner] and [Respondent's] children are living, and that said conduct was unreasonable as it ha[d] forced the [Petitioner] and the children of the Parties hereto, to live in a house which is badly in need of repair."

The court specifically ordered respondent to pay petitioner one-half of the following estimated costs for repairs:

| | |
|---|---|
| Guttering, roof and storm doors | $2,276.87 |
| Painting (exterior of house) | $1,070.70 |
| Carpeting (throughout interior of house) | $3,355.52 |

On appeal, respondent contends (1) he has not violated any of the express terms of the judgment of dissolution; and (2) even if he had violated those terms, petitioner cannot enforce those terms because she had conveyed away her interest in the property prior to entry of the judgment of dissolution.

The judgment of dissolution sets forth that petitioner alone is obliged to "maintain the normal and ordinary repairs" on the marital home, and petitioner in her testimony acknowledges that that is her sole responsibility. On the other hand, the judgment states both parties are responsible for any capital improvements which may be made after respondent is informed of, and consents to, them. The judgment indicates capital improvements are those "which are not normal required maintenance." Petitioner's testimony reveals she and her attorney interpreted the phrase "capital improvements" to mean those repairs "over $100." We conclude the issue to be resolved here, then, is what constitutes a "capital improvement."

■ Case law in Illinois determining whether particular improvements are "capital" in nature is sparse. In *Craven v. Craven* (1950), 407 Ill. 252, 95 N.E.2d 489, the question was the extent to which a party holding property subject to a resulting trust was entitled to reimbursement for monies spent in regard to the property prior to being required to convey the property to those entitled to it. The supreme court held the respondent was not entitled to "unrestricted reimbursement for capital expenditures," which expenditures were stated to include "rewiring of the building, new light fixtures, new screens, new locks, new fence, and other similar items." *Craven*, 407 Ill. at 262-63, 95 N.E.2d at 495.

Other jurisdictions have dealt with this particular subject in some detail. For example, in *Finn v. McNeil* (1987), 23 Mass. App. Ct. 367, 502 N.E.2d 557, an agreement for the purchase and sale of real prop-

erty contained a provision which stated the purchase price would be adjusted " 'to reflect capital improvements made.' " (*Finn*, 23 Mass. App. Ct. at 371, 502 N.E.2d at 561.) The agreement contained no definition of the term "capital improvement," yet the court determined the provision was susceptible to judicial construction.

In construing the term, the court stated:

"The term 'capital improvements' is a familiar factor in statutory, administrative and judicial contexts. ***

*** The words describe *betterments of a long lasting nature which add to the capital value of the property*, e.g., a new wall rather than a paint job, installation of new windows, rather than repair of the sash cords." (Emphasis added.) (*Finn*, 23 Mass. App. Ct. at 372-73, 502 N.E.2d at 561-62.)

We are persuaded by the construction the Massachusetts court has given the term "capital improvement" and apply it to the construction of the instant judgment of dissolution.

■ We conclude the trial court erred in ordering respondent to pay one-half of some of the items listed in its order. While, clearly, replacement of the roof and gutters of the marital home are capital improvements under the definition described above, painting and carpeting are not. Although we do not deny these repairs may be necessary in the home, they are performed solely for ordinary maintenance or cosmetic reasons. Petitioner alone is obligated to pay these maintenance repairs according to the express terms of the judgment of dissolution.

■ We find no merit in respondent's second contention that petitioner cannot enforce the terms of the judgment because she transferred her interest in the property prior to entry of the judgment of dissolution. The record indicates petitioner conveyed the property to her father for health reasons, but she and her children continued to reside in the home uninterrupted during the period in question. Furthermore, her father gave the property back to her prior to the filing of the petition involved here. Respondent has failed to cite any cases to support his argument, and we conclude that, under the circumstances present here, his argument must fail.

Accordingly, we affirm the portion of the judgment on appeal ordering respondent to pay one-half of the cost of the replacement of the roof and gutters. We reverse the rest of that order.

Affirmed in part; reversed in part.

LUND and SPITZ, JJ., concur.