BOB NEOFOTISTOS *et al.*, Plaintiffs-Appellants, v. METRICK ELECTRIC COMPANY, INC., Defendant-Appellee (Center Ridge Company *et al.*, Defendants).

Second District   No. 2—90—0951

Opinion filed August 13, 1991.

Philip J. Ryan, of Ryan & Viglione, of Waukegan, for appellants.

David Smith and Lee J. Schoen, both of Schoen & Smith, Ltd., of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiffs, Bob and Helen Neofotistos, appeal from the trial court's order granting summary judgment in favor of defendant, Metrick Electric Company, Inc. (Metrick). We affirm.

In December 1987, Bob Neofotistos was seriously injured when an electrical panel and circuit breaker exploded while he was working on or around those items. The panel and circuit breaker were part of the electrical system installed by Metrick during construction of the Lakehurst Shopping Center in 1971 or 1972. In August 1989, plaintiffs filed their original complaint, naming Metrick as one of the defendants. Plaintiffs later filed an amended complaint sounding in negligence and loss of consortium. Metrick filed a motion for summary judgment, and plaintiffs filed a motion to strike the affidavits attached to Metrick's motion. The trial court granted Metrick's motion and denied the motion to strike the affidavits. This appeal followed.

■ Summary judgment should be granted only if the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Estate of Dompke v. Dompke* (1989), 186 Ill. App. 3d 930, 933.) Evidence must be viewed in a light most favorable to the nonmovant in determining whether a genuine issue of fact exists. (*Dompke*, 186 Ill. App. 3d at 933.) In granting Metrick's motion for summary judgment, the trial court cited section 13—214(b) of the Code of Civil Procedure, which states in part:

> "No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).)

Plaintiffs now contend that a genuine issue of material fact exists as to whether the electrical panel and/or the circuit breaker constitute an improvement within the meaning of section 13—214(b). We conclude

that no issue of fact exists and that the trial court's order of summary judgment was proper.

■ Plaintiffs argue that section 13—214(b) is inapplicable to the case before us because their complaint does not allege negligence in the installation of an improvement to real property; the complaint merely alleges, according to plaintiffs, negligence in the installation of an electrical panel and circuit breaker, two small pieces of equipment which cannot be considered improvements to real property. We find this argument disingenuous. Such logic, if adopted, would reduce any improvement to its component parts and deny the existence of the improvement as a whole. While only the panel and circuit breaker exploded, these components were integral parts of the entire electrical system installed by Metrick. They cannot be viewed in isolation from the system of which they are a part. (See *Cross v. Ainsworth Seed Co.* (1990), 199 Ill. App. 3d 910, 922.) Viewing these pieces in their proper context, as part of the electrical system of the shopping center, we need only determine if a question remains as to whether the electrical system is an improvement to real property. We conclude that no question exists. An improvement to real property is "an addition to real property amounting to more than a mere repair or replacement, and which substantially enhances the value of the property." (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 613.) Obviously, the installation of the electrical system was no mere repair or replacement, and it substantially enhanced the value of the otherwise unlighted and unpowered shopping center. There can be no doubt as to the nature of the electrical system as an improvement and, consequently, the applicability of section 13—214(b) to this case. No genuine issue of fact remains in this regard.

■ Plaintiffs also cite to section 13—214(d), which states:

"Subsection (b) shall not prohibit any action against a defendant who has expressly warranted or promised the improvement to real property for a longer period from being brought within that period." (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(d).)

Plaintiffs argue that a question remains as to whether Metrick warranted its work and thus brought subsection (d) into play. We disagree.

■ Metrick's motion contained the affidavits of Elliot Metrick, president of Metrick, and Robert Boettles, an employee of Metrick who worked on the installation of the Lakehurst Shopping Center electrical system. Metrick's affidavit made no mention of guarantees or warranties; Boettles' affidavit stated that "Metrick Electric Com-

pany, Inc. did not have any agreement relating to management, maintenance, replacement or repair of the Lakehurst Shopping Center." Further, in their depositions, Metrick testified that, "We guarantee all our work for one year," while Boettles, when asked if any warranties or guarantees existed, answered, "I personally don't know." No evidence exists in the record that would tend to prove or even call into question the existence of a warranty which would make applicable section 13—214(d). Plaintiffs rely only on some hypothetical, speculative questioning of Metrick as to whether the company would *ever* repair work beyond one year. However, this does not rise to the level of a question of fact. The evidence points to a lack of any warranty or guarantee which would invoke section 13—214(d); no question of fact exists, and summary judgment was properly granted.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER and McLAREN, JJ., concur.