LITCHFIELD COMMUNITY UNIT SCHOOL DISTRICT No. 12, Plaintiff-Appellant, v. SPECIALTY WASTE SERVICES, INC., Defendant-Appellee.

Fifth District   No. 5—00—0209

Opinion filed September 25, 2001.—Rehearing denied October 24, 2001.

Edward J. Westbrook and Frederick J. Jekel, both of Ness, Motley, Loadholt, Richardson & Poole, P.A., of Mt. Pleasant, South Carolina, and G. Bradley Hantla, of Hantla Law Office, of Litchfield, for appellant.

Sheldon D. Korlin, of Law Offices of Sheldon D. Korlin, P.C., of Alton, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Litchfield Community Unit School District No. 12 (plaintiff) filed suit in Montgomery County, Illinois, against Specialty Waste Services, Inc. (defendant), and alleged that it failed to comply with the terms of a written asbestos-abatement contract. The circuit court dismissed the complaint. The court concluded that the four-year statute of limitations governing the construction of improvements to real property applied to the action and that the complaint was filed after the statute of limitations had expired. On appeal, plaintiff claims that the complaint was timely filed because the cause of action was based upon the breach of a written contract, which has a 10-year statute of limitations.

In December 1988, plaintiff solicited asbestos-removal contractors to submit bids on a job involving the removal of asbestos-containing materials from school buildings and other facilities within its school district, including Litchfield Junior High School (the junior high). Plaintiff accepted defendant's bid and entered into a written contract with defendant in January 1989. According to the terms of the contract and incorporated specifications, defendant was required to remove asbestos-containing materials from walls, ceilings, piping, boilers, hot water tanks, and other structures within the district's facilities, including the junior high. As a part of the asbestos-removal process, the

contract specifications required defendant to remove the existing acoustic ceiling tile and to replace it with new acoustic tile, to remove asbestos-laden ceiling and wall plaster and to replaster, and to remove asbestos-insulation material from piping, boilers, and hot water tanks and to reinsulate them.

Defendant completed its work in November or December 1989. Almost eight years later, plaintiff discovered that the ceiling plaster at the junior high contained asbestos. Plaintiff notified defendant that it had not removed all of the asbestos from the ceiling of the junior high. Defendant denied that it was responsible for the problem, claiming that it had performed the work pursuant to the specifications and under the supervision of plaintiff's architect. When defendant failed to take steps to correct the alleged deficiencies, plaintiff contracted with another asbestos-removal company.

Plaintiff filed suit against defendant on December 2, 1998. In its complaint, plaintiff claimed that defendant breached its contract by failing to remove all of the asbestos-containing material from the junior high and by failing to correct all nonconforming work at no cost to plaintiff. Plaintiff further alleged that it was caused to contract with another asbestos-removal company to remove the remaining asbestos ceiling plaster from the junior high and suffered damages. Defendant moved for an involuntary dismissal and, in the alternative, a summary judgment, alleging that it had performed the work pursuant to contract specifications and that the action was barred by the four-year statute of limitations for the construction of improvements to real property. After a hearing, the circuit court granted defendant's motion to dismiss, finding that the four-year statute of limitations governing improvements to real property was applicable to the action and that plaintiff's complaint was barred by that statute of limitations.

In this appeal, we are asked to determine whether the 10-year statute of limitations for written contracts (735 ILCS 5/13—206 (West 1996)) or the four-year statute of limitations governing the construction of improvements to real property (735 ILCS 5/13—214 (West 1996)) applies to this action. In order to determine whether the circuit court erred in applying section 13—214 of the Code of Civil Procedure (735 ILCS 5/13—214 (West 1996)) in this case, we must decide whether defendant's work constituted an improvement to real property.

An "improvement" is an addition to real property which amounts to more than a mere repair or replacement and which substantially enhances the value of the property. *Calumet Country Club v. Roberts Environmental Control Corp.*, 136 Ill. App. 3d 610, 613, 483 N.E.2d 613, 616 (1985). It does not include ordinary mainte-

nance. See *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 561, 732 N.E.2d 116, 119 (2000).

■ Relevant criteria for determining what constitutes an improvement include: whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced. *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 4-5, 605 N.E.2d 555, 556 (1992). Based upon these criteria, the installation of an electrical system during the construction of a shopping center substantially enhanced the value of the otherwise unlighted and unpowered shopping center and constituted an improvement to real property. See *Neofotistos v. Metrick Electric Co.*, 217 Ill. App. 3d 506, 508, 577 N.E.2d 511, 513 (1991); see also *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 446, 610 N.E.2d 709, 716 (1993) (the construction of a pond and a culvert enhanced the value, beauty, and utility of the property owner's land and was held to be an improvement). In contrast, a contractor's job involving scraping, plaster patching, cleaning, and painting the interior of an elementary school was not a "remodeling" job and did not constitute an improvement to real property. *Merritt*, 314 Ill. App. 3d at 561, 732 N.E.2d at 119.

What constitutes an improvement to real property is a question of law, though the resolution of such is grounded in fact. *Rockwell Graphic Systems, Inc.*, 153 Ill. 2d at 4-5, 605 N.E.2d at 556. It is important to note here that though there is no consensus on all the facts in this case, the parties agree that the contract and work specifications contained in the record are accurate copies of those documents and reflect the specific work tasks which were to be performed under the contract.

■ In this case, defendant was hired to remove the asbestos-containing material from the ceilings and walls of the junior high. In order to perform this work, defendant had to remove the existing acoustic tile ceiling and the plaster from the walls of the building. According to the terms of the contract, once the asbestos was removed, defendant was required to replace the ceiling tiles and the plaster that had been removed during the asbestos-removal procedure and to repaint the walls. In our view, defendant's work consisted of nothing more than ordinary repair and maintenance of an existing structure. The fact that the specifications also included the replacement of some damaged floor tile and the installation of some additional wiring for existing light fixtures does not transform the nature of the work. The work is similar to patching plaster and applying a fresh coat of paint or replacing worn carpeting. See *Merritt*, 314 Ill. App. 3d at 561, 732

N.E.2d at 119; *In re Marriage of Aird*, 175 Ill. App. 3d 870, 873, 530 N.E.2d 556, 558 (1988). Defendant's work did not result in a substantial addition or a substantial change to the property. Defendant has not shown that its work substantially enhanced the value, beauty, or utility of the property. *Calumet Country Club*, 136 Ill. App. 3d at 613, 483 N.E.2d at 616. The burden of establishing a statute-of-limitations defense is on the party asserting it. *Calumet Country Club*, 136 Ill. App. 3d at 613, 483 N.E.2d at 616. Defendant has not met its burden.

Based upon agreed facts in this record, we believe that the trial court erred in finding that the work performed pursuant to the contract constituted the construction of an improvement to real property and in applying the four-year statute of limitations set forth in section 13—214 of the Code of Civil Procedure. The work amounts to ordinary maintenance and repair of an existing structure. Therefore, plaintiff's breach-of-contract action is governed by the 10-year statute of limitations set forth in section 13—206 of the Code of Civil Procedure (735 ILCS 5/13—206 (West 1996)).

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed; cause remanded.

HOPKINS and RARICK, JJ., concur.