# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Schott v. Halloran Construction Co.*, 2013 IL App (5th) 110428

---

| | |
|---|---|
| Appellate Court Caption | LAWRENCE SCHOTT and ROCHELLA SCHOTT, Plaintiffs-Appellees, v. HALLORAN CONSTRUCTION COMPANY, INC., Defendant-Appellant (Illinois Municipal League Risk Management Association, Intervenor). |
| District & No. | Fifth District<br>Docket No. 5-11-0428 |
| Filed<br>Rehearing denied | January 10, 2013<br>February 7, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An action for the injuries suffered when plaintiff fell off an unguarded retaining wall while patrolling in the course of his work as a police officer was barred by the 10-year statute of repose barring actions for an act or omission in the design, planning, or construction of an improvement to real property after 10 years have elapsed, since plaintiff fell 11 years after the wall was constructed, and the fact that a portion of the wall was rebuilt following a rainstorm 7 years prior to his fall did not constitute "an improvement to real property" for purposes of negating the bar to plaintiff's action, especially when plaintiff fell from a portion of the original wall. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 02-L-250; the Hon. Robert P. LeChien, Judge, presiding. |
| Judgment | Reversed; judgment entered. |

| Counsel on Appeal | James C. Leritz and Kelly T. Kirkbride, both of Leritz, Plunkert & Bruning, P.C., of St. Louis, Missouri, for appellant. |
|---|---|
| | Kenneth M. Burke, of Brown & James, P.C., and Thomas Q. Keefe, Jr., of Thomas Q. Keefe, Jr., P.C., both of Belleville, for appellees Lawrence Schott and Rochella Schott. |
| | Charles A. Pierce, of Pierce Law Firm, P.C., of Belleville, for intervenor Illinois Municipal League Risk Management Association. |

| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. Presiding Justice Spomer concurred in the judgment and opinion. Justice Chapman dissented, with opinion. |
|---|---|

**OPINION**

¶ 1      On June 16, 2010, the plaintiffs, Lawrence and Rochella Schott, filed in the circuit court of St. Clair County a second amended complaint directed against the defendants, Halloran Construction Company, Inc. (Halloran Construction), and Mark Halloran (Halloran), seeking damages for personal injuries suffered when Lawrence accidentally stepped or fell off an unguarded retaining wall while patrolling the area in the course of his duties as a Swansea police officer. The complaint alleged that the wall had been originally built, and later reconstructed, by the defendants. The plaintiffs alleged that the defendants had been negligent in failing to build a guardrail or other barrier at the top of the wall to prevent people from falling off. At the point where Lawrence stepped or fell off the retaining wall, the wall was only about two feet high.

¶ 2      The case was tried to a jury, which returned a verdict in favor of Lawrence and against Halloran Construction, but found Lawrence 50% contributorily negligent. The jury found in favor of the individual defendant, Halloran. After a second jury trial on the proper amount of damages to be awarded, the court entered judgment on the jury's verdict.

¶ 3      Throughout these proceedings, the defendants have asserted that the plaintiffs' claims against them are barred by the statute of repose set forth in section 13-214(b) of the Illinois Code of Civil Procedure:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." 735 ILCS 5/13-214(b) (West 2010).

¶ 4		The defendants alleged that construction of the wall was completed in 1990, more than 10 years prior to Lawrence's fall from the wall on April 6, 2001. The defendants acknowledged that in 1994 a portion of the retaining wall collapsed due to a heavy rain and needed to be rebuilt. This repair work was completed in 1994. The defendants argued that this repair of the wall did not constitute "construction of an improvement to real property" within the meaning of the statute of repose.

¶ 5		The defendants have raised the statute of repose as an affirmative defense to all of the plaintiffs' complaints and filed numerous motions for summary judgment on the ground that the plaintiffs' claims are barred by the statute of repose. These motions were all denied on the basis that the reconstruction of a portion of the wall in 1994 constituted "an improvement to real property" within the meaning of the statute of repose, and that the statute began to run anew in 1994. The defendants also raised the statute of repose in motions for a directed verdict at the close of the plaintiffs' case and at the close of all the evidence. These motions were also denied, as were the posttrial motions of Halloran Construction seeking a judgment in its favor notwithstanding the verdict. Halloran Construction filed a timely notice of appeal.

¶ 6		On appeal the defendant raises two arguments: (1) that the circuit court erred as a matter of law in denying the defendants' motions for directed verdict and judgment notwithstanding the verdict where the evidence at trial demonstrated that the plaintiffs' cause of action was barred by the construction statute of repose, and (2) that the circuit court erred in granting the plaintiffs' motion for a new trial on the issue of damages only because the jury's initial verdict was supported by the evidence. Because we reverse the judgment on the basis that the plaintiffs' claims against the defendants are barred by the statute of repose, we need not discuss the second of these issues.

¶ 7		A motion for a judgment notwithstanding the verdict is reviewed in the same manner as a motion for a directed verdict. *Townsend v. Fassbinder*, 372 Ill. App. 3d 890, 897-98 (2007). This court reviews *de novo* the circuit court's decision on either motion. *Townsend*, 372 Ill. App. 3d at 898. The motions should be granted where all the evidence, when viewed most favorably to the opposing party, so overwhelmingly favors the moving party that no contrary verdict based on the evidence could ever stand. *Townsend*, 372 Ill. App. 3d at 898. The motions present a question of law as to whether, when all of the evidence is considered, together with all reasonable inferences from it in its aspect most favorable to the plaintiffs, there is a total failure or lack of evidence to prove any element of the plaintiffs' case. *Townsend*, 372 Ill. App. 3d at 898. To the extent this case involves the interpretation of a statute, the statute of repose, the standard of review is also *de novo*. *In re Estate of McInerny*, 289 Ill. App. 3d 589, 596 (1997) (the interpretation of statutory provisions is traditionally a question of law to which a deferential standard of review is inapplicable).

¶ 8		The following evidence pertinent to the issue on review was presented at trial. Mark Halloran testified that he is the owner of Halloran Construction, which has been in existence since 1974. Halloran Construction is in the business of real estate development and developed the property on which Lawrence was injured. Mark Halloran had purchased the property in March 1990, and Halloran Construction was the general contractor which developed the property into an office park.

¶ 9     Three retaining walls were built on the property, one on the north side of the building and two on the south side of the building. The walls are made up of stones which are about 80 pounds each. The stones are stacked and have plastic pins that go through them. They are stacked and then backfilled with dirt. The walls were built by a subcontractor, Howard Lawn Care and Landscaping. The total cost to build the three retaining walls was $6,174. The retaining walls were completed by the end of 1990.

¶ 10    No guardrail was built at the top of the retaining walls. Although landscaping bushes were placed at the top of the north retaining wall, none were placed at the top of the south retaining walls.

¶ 11    On or around November 15, 1994, there was a heavy rain and part of the south retaining wall fell over. Halloran no longer owned the property at this time, having sold it to the Southwest Visiting Nurses Association in 1994 prior to the collapse of the wall. The Southwest Visiting Nurses Association is a not-for-profit corporation of whose board of directors Halloran was the president.

¶ 12    The Southwest Visiting Nurses Association hired someone, and paid them, to have the wall repaired or rebuilt. On May 19, 1995, Halloran Construction sued the subcontractor who had originally built the retaining wall in order to recoup some of the money spent by the Visiting Nurses Association to rebuild or repair the wall. The suit sought $7,800 in damages to have the retaining wall rebuilt and repaired. The actual cost to repair and rebuild the wall was $2,700, which was paid by the Visiting Nurses Association. At all times Halloran denied that he or Halloran Construction rebuilt the wall after it collapsed in 1994, but never identified the person who did the rebuild or to whom the Visiting Nurses Association made payment.

¶ 13    The section of the retaining wall which collapsed was at the end of the wall most distant from the point where Lawrence fell or stepped off the wall. The location of the wall from which Lawrence stepped or fell was not damaged and was not rebuilt in 1994. The original blocks were used to repair or rebuild the wall after it collapsed except for eight new blocks which had to be purchased because eight of the original ones had broken. After being repaired or rebuilt, the wall was identical in every respect to the original wall. The wall was exactly the same after it was repaired or rebuilt as it was before it collapsed.

¶ 14    There can be no question that any claims by the plaintiffs related to the original construction of the retaining wall are barred by the 10-year statute of repose. The evidence is uncontradicted that the retaining wall was originally completed by the end of 1990. The plaintiffs' injuries were incurred on April 6, 2001, more than 10 years after completion of construction of the wall. The plaintiffs contend, however, that the construction work done on the retaining wall after it partially collapsed in 1994 constituted "construction of an improvement to real property" within the meaning of the statute of repose, which restarted the 10-year repose period.

¶ 15    We reject the plaintiffs' argument for two reasons. First, we do not believe that the work done to rebuild the retaining wall after it collapsed in 1994 constitutes the "construction of an improvement to real property" within the meaning of the statute of repose.

¶ 16    The construction statute of repose was enacted for the express purpose of insulating all

participants in the construction process from the onerous task of defending against stale claims. *Wright v. Board of Education of the City of Chicago*, 335 Ill. App. 3d 948, 955 (2002). In *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 3 (1992), our supreme court discussed for the first time what constitutes "an improvement to real property" within the meaning of the construction statute of repose. The court pointed out that, although the answer is grounded in fact, the question is one of law. 153 Ill. 2d at 3.

¶ 17 The court began with the definition of "improvement" as given in Black's Law Dictionary:

" 'A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.' " 153 Ill. 2d at 4 (quoting Black's Law Dictionary 682 (5th ed. 1979)).

¶ 18 The court held that relevant criteria for determining what constitutes "an improvement to real property" include: whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced. 153 Ill. 2d at 4-5. It is clear that an improvement to real property is an addition to real property amounting to more than a mere repair or replacement and which substantially enhances the value of the property. *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519, 522 (1995).

¶ 19 In *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d 1077, 1081 (2004), this court concluded that work on a road which involved removing and replacing an existing road did not constitute "an improvement to real property" within the meaning of the construction statute of repose. The work did not involve building a new road or even widening the existing road. The work involved using the same depth of material as the existing road and following the slope of the existing road, and patching the pavement. The work neither improved the value of the property nor enhanced its use. The work amounted to mere repair and replacement and was not an improvement to real property.

¶ 20 Similarly, in *Litchfield Community Unit School District No. 12 v. Specialty Waste Services, Inc.*, 325 Ill. App. 3d 164, 167 (2001), this court concluded that work involving removing asbestos-containing material from the ceilings and walls of a school did not constitute an improvement to real property within the meaning of the construction statute of repose. The work required removing the existing acoustic tile ceiling and the plaster from the walls, removing the asbestos, replacing the ceiling tiles and plaster, and repainting the walls. The court held that this was nothing more than ordinary repair and maintenance of an existing structure. 325 Ill. App. 3d at 167. The work did not result in a substantial addition or a substantial change to the property, nor did it substantially enhance the value, beauty, or utility of the property. 325 Ill. App. 3d at 168.

¶ 21 In the case at bar, there is no question that the retaining wall, when it was built in 1990, was "an improvement to real property" within the meaning of the construction statute of repose. It was clearly meant to be permanent, it became an integral component of the property, and it increased the value of the property and enhanced its use.

¶ 22 However, it seems just as clear that the work done on the wall after it was washed out by

rain in 1994 was not an improvement to real property but was mere repair of an existing structure. The rebuilding of the wall did not add anything to the property; it simply returned it to the condition it had been in prior to the heavy rain doing damage. Neither the value nor the use of the property was enhanced by the work; the property was simply returned to the condition it had been in prior to being damaged by heavy rain. The retaining wall was rebuilt in exactly the same configuration it had been in prior to being damaged, and using for the most part the same materials. The work did not substantially increase the value of the property, enhance its use, or add anything to it. The rebuild of the retaining wall did not constitute the "construction of an improvement to real property" within the meaning of the statute of repose.

¶ 23    The second reason we reject the plaintiffs' argument is that the portion of the retaining wall from which Lawrence stepped or fell was not damaged by rain and was not repaired or rebuilt in 1994. The portion of the wall from which Lawrence stepped or fell was the original retaining wall built by Halloran Construction in 1990, more than 10 years prior to the accident. We see no reason why an improvement to some portion of the property other than that on which the plaintiffs were injured should extend or renew the statute of repose with respect to their injuries. Accordingly, the plaintiffs' claim is barred by the 10-year statute of repose.

¶ 24    Because the plaintiffs' action against the defendant is barred by the 10-year construction statute of repose, we reverse the judgment of the circuit court of St. Clair County denying the defendant's posttrial motion for a judgment notwithstanding the verdict. We hereby enter judgment in favor of the defendant on the plaintiffs' cause of action against them.

¶ 25    Reversed; judgment entered.

¶ 26    JUSTICE CHAPMAN, dissenting.

¶ 27    I would affirm the judgment of the circuit court denying the defendant's posttrial motion for judgment notwithstanding the verdict as plaintiffs' claims were not barred by the statute of repose section 13-214(b) of the Illinois Code of Civil Procedure.

¶ 28    I believe that the evidence supported a finding that the reconstruction to the retaining wall constituted an "improvement to real property" under the statute of repose and thereby satisfied the relevant criteria set out by our supreme court, *i.e.*, "whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced." *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 4-5 (1992).

¶ 29    In the postcollapse lawsuit Halloran filed against the subcontractor hired to construct the wall originally, Halloran alleged, "On or about November 15, 1994, said retaining wall began to crumble, fall apart, became ineffective and cease [*sic*] to operate for the purpose for which it was constructed." Halloran further alleged that the cost to "have the retaining wall replaced and rebuilt, and to repair the structural integrity of the surrounding building and the landscaping on the property" would amount to $7,800. Halloran also prepared an invoice in that amount. The figure of $7,800 stands in stark contrast to the original cost of $6,174 for

building all three retaining walls.

¶ 30     Far from being undisputed as defendant argues, the evidence at trial based on defendant's own admissions and plaintiffs' expert testimony, when viewed most favorably to plaintiffs, did not so overwhelmingly favor the defendant that no contrary verdict could ever stand. *Townsend v. Fassbinder*, 372 Ill. App. 3d 890, 898 (2007).