#28064-r-GAS
**2017 S.D. 46**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

SUZANNE BRUDE,                                    Plaintiff and Appellant,

    v.

SHANE BREEN d/b/a YELLOW JACKET
IRRIGATION AND LANDSCAPING,          Defendant, Third-Party
                                                                        Plaintiff, and Appellee,

    v.

GREGORY AND ELIZABETH JAMISON,      Third-Party Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN R. PEKAS
Judge
* * * *

RONALD A. PARSONS, JR.
STEVEN M. JOHNSON
KIMBERLY J. LANHAM of
Johnson Janklow Abdallah
  Reiter & Parsons LLP
Sioux Falls, South Dakota                          Attorneys for appellant.


MELANIE L. CARPENTER
JORDAN J. FEIST of
Woods, Fuller, Shultz
  and Smith, PC
Sioux Falls, South Dakota                          Attorneys for appellee.

* * * *

ARGUED MAY 30, 2017
OPINION FILED **08/02/17**

#28064

SEVERSON, Justice

[¶1.]        Suzanne Brude brought suit against Shane Breen, doing business as Yellow Jacket Irrigation and Landscaping (Yellow Jacket), for negligence in constructing a retaining wall from which Brude suffered an injury.  Yellow Jacket moved for summary judgment, asserting that the claim was barred by the statute of repose.  The circuit court granted summary judgment in favor of Yellow Jacket. Brude appeals, asserting that the court erred because the ten-year limitation in the statute of repose had not expired.  We reverse and remand.

## Background

[¶2.]        In 2005, Yellow Jacket Irrigation and Landscaping contracted for and completed a landscaping project at the residence of Greg and Elizabeth Jamison.  At issue in this case is landscaping that Yellow Jacket originally completed in September 2005.  The area of landscaping at issue includes a patio with retaining walls on its sides and a fire pit above a section of the retaining wall.  The retaining walls were repaired in 2007.  At that time, Yellow Jacket fixed some stone pavers that had settled and shifted.  The Jamisons and Breen have different recollections of the next time that Yellow Jacket worked on the retaining wall; it was either 2011 or 2013.  The Jamisons asked Yellow Jacket to fix their patio area because some of the landscaping stones settled and leaned.  Greg Jamison testified in his deposition that because the fix was fairly extensive and would require the retaining walls to be torn down and rebuilt, the Jamisons asked Yellow Jacket to make the fire pit area a little larger at the same time.

-1-

[¶3.]        Suzanne Brude was at the Jamison residence on October 7, 2014. In order to retrieve some branches from the fire pit area, she stepped onto the portion of the retaining wall in front of the Jamison's fire pit. One of the capstones she stepped on gave way, and she fell onto the patio below. She suffered an injury that required surgery the next day. On November 6, 2015, Brude commenced this action against Shane Breen, the sole proprietor operating Yellow Jacket Irrigation and Landscaping. Yellow Jacket filed a third-party complaint against the Jamisons, contending that the Jamisons were responsible for any damages awarded to Brude. The Jamisons have since settled this matter and take no position in this appeal.

[¶4.]        On July 29, 2016, Yellow Jacket moved for summary judgment asserting that the statutory time period to bring a claim had expired because the retaining wall and fire pit had been substantially completed more than ten years prior to the commencement of this action. *See* SDCL 15-2A-3. After submissions by the parties and a hearing on the motion, the circuit court granted summary judgment for Yellow Jacket. Brude appeals raising one issue for our review. She asserts that the changes to the landscaping that occurred in either 2011 or 2013 constituted "an improvement to real property" under SDCL 15-2A-3 and therefore restarted the ten-year period to bring a claim. Thus, she claims that the court erred when it granted summary judgment.

## Standard of Review

[¶5.]        "In reviewing a grant or denial of summary judgment we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and established entitlement to judgment on the merits as a

matter of law." *Clark Cty. v. Sioux Equip. Corp.*, 2008 S.D. 60, ¶ 8, 753 N.W.2d 406, 409 (quoting *Behrens v. Wedmore*, 2005 S.D. 79, ¶ 18, 698 N.W.2d 555, 565). "Those resisting summary judgment must show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof." *Id.* (quoting *Bordeaux v. Shannon Cty. Sch.*, 2005 S.D. 117, ¶ 14, 707 N.W.2d 123, 127). We must determine the applicability of the statute of repose to Yellow Jacket's latest work on the retaining wall. "Because the application of a legal test to the historical facts of this case requires us to consider legal concepts and 'exercise judgment about the values that animate legal principles,' we review the . . . determination de novo." *Id.* ¶ 10, 753 N.W.2d at 410 (quoting *In re Dorsey & Whitney Tr. Co.*, 2001 S.D. 35, ¶ 6, 623 N.W.2d 468, 471).

## Analysis

[¶6.] A statute of repose is an affirmative defense, and Yellow Jacket had the initial burden of proving entitlement to it. *See id.* ¶ 17, 753 N.W.2d at 412. "[W]here a defendant, by motion for summary judgment, asserts this type of affirmative defense that bars an action 'and presumptively establishes the defense by showing the case was instituted beyond the statutory period, the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the statute.'" *Id.* (quoting *Conway v. Conway*, 487 N.W.2d 21, 23 (S.D. 1992)). The statute of repose at issue, SDCL 15-2A-3, provides:

> No action to recover damages for any injury to real or personal property, for personal injury or death arising out of any deficiency in the design, planning, supervision, inspection, and observation of construction, or construction, of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury or death, may be

> brought against any person performing or furnishing the design,
> planning, supervision, inspection, and observation of
> construction, or construction, of such an improvement more than
> ten years after substantial completion of such construction. The
> date of substantial completion shall be determined by the date
> when construction is sufficiently completed so that the owner or
> his representative can occupy or use the improvement for the
> use it was intended.

The parties agree that the initial construction of the landscaping was completed in September 2005 and that it constituted an improvement to real property at that time. Brude was injured in October 2014, and the claim was brought in November 2015. Therefore, Yellow Jacket met its initial burden of presumptively showing that the action was brought beyond the statutory period in SDCL15-2A-3. *See also* SDCL 15-2A-5 (providing that an injury occurring in the tenth year after substantial completion may be brought within one year after the date on which the injury occurred but may not be brought more than eleven years after the substantial completion of construction).

[¶7.] The next question before this Court is whether Brude met her burden to establish the existence of material facts in avoidance of the statute. In response to Yellow Jacket's motion for summary judgment and its statement of undisputed material facts, Brude maintained that Yellow Jacket's work in 2011/2013 restarted the statute of repose because it constituted construction of an improvement to real property. She provided a report indicating that the latest work in 2011/2013 was not done in accordance with industry standards.* She also provided her own statement of undisputed material facts, which set forth that the rebuild was not

---

* The Court was unable to find any other report in the record indicating that the original construction was performed negligently.

-4-

performed correctly and caused the capstones to dislodge. And Brude set forth facts indicating that her injuries arose from a portion of the retaining wall where Yellow Jacket performed work in 2011/2013.

[¶8.]    Before we can determine whether Brude met her burden to set forth material facts in avoidance of the statute, we must clarify how the ten-year time frame under SDCL 15-2A-3 is calculated. Citing to this Court's decision in *Pitt-Hart v. Sanford USD Med. Ctr.*, 2016 S.D. 33, ¶ 18, 878 N.W.2d 406, 413, Brude asserts that her time in which to bring an action is measured from the latest construction that led to her injury and that the ten-year period started in 2011/2013. In *Pitt-Hart*, we addressed SDCL 15-2-14.1, which provides that "[an] action . . . can be commenced only within two years *after the alleged malpractice, error, mistake, or failure to cure* shall have occurred[.]" (Emphasis added.); *Pitt Hart*, 2016 S.D. 33, ¶ 18, 878 N.W.2d at 413. We noted that "[a] statute of repose . . . is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Pitt Hart,* 2016 S.D. 33, ¶ 18, 878 N.W.2d at 413 (quoting *CTS Corp. v. Waldburger*, ___ U.S. ___, ___, 134 S. Ct. 2175, 2182, 189 L. Ed. 2d 62 (2014)).

[¶9.]    In this case, the statute of repose explicitly provides for a different date from which to measure. It states, in pertinent part,

> No action to recover damages . . . for personal injury or death arising out of any deficiency in the design, planning, supervision, inspection, and observation of construction, or construction, of an improvement to real property . . . may be brought . . . more than ten years *after substantial completion of such* construction. The date of substantial completion shall be determined by the date when construction is sufficiently

> completed so that the owner or his representative can occupy or use the improvement for the use it was intended.

SDCL 15-2A-3 (emphasis added). The time to bring a claim did not begin to run upon the last culpable act of Yellow Jacket but instead upon the date of substantial completion of the improvement to real property. Thus, if the latest construction of the retaining wall and fire pit was *not* an improvement to real property, then substantial completion of construction occurred in September 2005, making Brude's claim untimely. If, however, construction in 2011/2013 constituted an improvement to real property, then the statute of repose started that year upon substantial completion of the construction, and the time period in SDCL 15-2A-3 had not run in November of 2015 when Brude commenced suit.

[¶10.] Yellow Jacket asserts that Brude's claim is untimely because the work in 2011/2013 was not an improvement and only amounted to repairs. Even if the work in 2011/2013 amount to a repair, Brude's claim may still be timely if the injury arose out of the work done in 2011/2013 and the repair was not within the scope of SDCL 15-2A-3. However, Brude's claim may still be timely if the work in 2011/2013 amounted to a repair, the injury arose out of the 2011/2013 work, and a repair is not within the scope of SDCL 15-2A-3. Brude set forth facts indicating that she fell from a portion of the wall that was negligently repaired by Yellow Jacket in either 2011 or 2013 and that, therefore, her injury did not arise from the original construction of an improvement to real property. Accordingly, we must determine whether a repair to an improvement to real property falls within the scope of SDCL 15-2A-3.

[¶11.] South Dakota does not have an explicit statute providing that repairs to an improvement to real property fall outside the scope of the statute of repose. But the plain language of SDCL 15-2A-3 clearly provides that it will only apply to this case if the injury arose out of the construction of an improvement to real property. This Court distinguished improvements to real property from repairs in *Clark Cty. v. Sioux Equip. Corp.*, 2008 S.D. 60, ¶ 11-12, 753 N.W.2d 406, 410-11. In that case, Clark County sued Sioux Equipment in 2006 for negligence, breach of implied and express warranties, and breach of implied warranty of fitness for a particular purpose in regard to a fuel storage and dispensing system that was installed in 1991. A fuel leak occurred in 2003 for which the County incurred remediation expenses. Sioux Equipment argued that the 1991 installation was an improvement to real property and that, therefore, the claim was barred under SDCL 15-2A-3. The county argued that the installation was a replacement or repair of a previous system, not an improvement, so SDCL 15-2A-3 did not apply. We applied a common-sense test to determine whether there was an "improvement to real property." Under the test, we determine whether there is "[a] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable *as distinguished from ordinary repairs.*" *Clark Cty.,* 2008 S.D. 60, ¶ 11, 753 N.W.2d at 410 (emphasis added). Thus, if an ordinary repair is not an improvement and SDCL 15-2A-3 applies only to improvements, it is inherent that SDCL 15-2A-3 does not apply to claims for injuries arising from ordinary repairs.

[¶12.]    We find helpful the Wisconsin Court of Appeals' explanation of Wisconsin's statute of repose as follows:

> The purpose of the statute of repose is to protect contractors who are involved in permanent improvements to real property. Daily repairs are not improvements to real property as that phrase is used in the statute of repose. The legislature has chosen to protect persons or entities which make permanent improvements to real property, not to absolve those who make regular repairs or do maintenance work. This distinction is reasonable because improvements to real property have a completion date whereas regular repairs and maintenance can continue *ad infinitum*.

*Peter v. Sprinkmann Sons Corp.,* 860 N.W.2d 308, 315 (Wis. Ct. App. 2015). Despite the absence of an explicit provision in our statutes, the purpose of a statute of repose as stated by the Wisconsin Court of Appeals is similar to the findings set forth by South Dakota's Legislature. SDCL 15-2A-1 provides in part:

> The Legislature finds that subsequent to the completion of construction, persons involved in the planning, design, and construction of improvements to real estate lack control over the determination of the need for, the undertaking of and the responsibility for maintenance, and lack control over other forces, uses and intervening causes which cause stress, strain, wear, and tear to the improvements and, in most cases, have no right or opportunity to be made aware of or to evaluate the effect of these forces on a particular improvement or to take action to overcome the effect of these forces. Therefore, it is in the public interest to set a point in time following the substantial completion of the project after which no action may be brought for errors and omissions . . . .

Therefore, the Legislature also recognized the difference between the initial "planning, design, and construction of improvements to real estate" and the "maintenance" or repairs of said improvements. Here, Yellow Jacket did have control over the repair work because it performed the work. *See Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 450 N.W.2d 183, 186 (Minn. Ct. App. 1990)

(holding that replacement of generator seal constituted ordinary repair and therefore was not subject to the statute of repose).

[¶13.]    Having determined that repairs do not fall under the statute of repose, Brude has met her burden to set forth material facts to avoid application of the statute. She set forth facts indicating that the work in 2011/2013 could be considered an improvement to real property (restarting the period of repose) because it involved, among other things, enlarging the landscaping area and the expenditure of labor. Furthermore, even if it was not an improvement, she set forth sufficient facts that her injury did not arise out of the 2005 construction of an improvement to real property; it allegedly arose out of Yellow Jacket's latest 2011/2013 work on the landscaping. Therefore, we need not determine whether the work in 2011/2013 was a repair or an improvement. In either case, SDCL 15-2A-3 does not bar Brude's claim. The circuit court erred by granting summary judgment to Yellow Jacket on the basis of SDCL 15-2A-3.

[¶14.]    Our decision is consistent with the Illinois case regarding a retaining wall that the parties have discussed. *See Schott v. Halloran Constr. Co.*, 982 N.E.2d 965 (Ill. App. Ct. 2013). In *Schott*, plaintiff brought a suit in 2010 after she fell off an unguarded retaining wall in 2001. The plaintiff alleged that defendant negligently failed to build a barrier to prevent people from falling off the wall. The retaining wall was built in 1990 and portions were rebuilt in 1994 after a heavy rain caused portions to fall over. Plaintiff fell from a portion of the wall that was *not* repaired in 1994. The Illinois Appellate Court determined that the retaining wall was an improvement to real property at the time when it was built in 1990. *Id.*

at 969-70.  It also concluded that the work done in 1994 was a mere repair of an existing structure and did not constitute the "'construction of an improvement to real property' within the meaning of the statute of repose." *Id.* at 970.  Therefore, plaintiff's claim was barred by the statute of repose.  The court also noted that the second reason it rejected plaintiff's claims was because "the portion of the retaining wall from which [plaintiff] stepped or fell was not damaged by rain and was not repaired or rebuilt in 1994.  The portion of the wall from which [plaintiff] stepped or fell was the original retaining wall built . . . in 1990, more than 10 years prior to the accident." *Id.*  Thus, the court saw "no reason why an improvement to some portion of the property other than that on which the plaintiffs were injured should extend or renew the statute of repose with respect to their injuries."  Such a determination indicates that a claim with respect to repairs is distinguished from those that arise from the construction of an improvement to real property.

### Conclusion

[¶15.]      The circuit court erred when it granted summary judgment in favor of Yellow Jacket on the basis of SDCL 15-2A-3.  Regardless of whether the work in 2011/2013 constituted a repair or an improvement to real property, SDCL 15-2A-3 does not bar the claim at issue.  We reverse and remand.

[¶16.]      GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, and RANK, Circuit Court Judge, concur.

[¶17.]      RANK, Circuit Court Judge, sitting for WILBUR, Retired Justice, disqualified.